## MIGUEL KEONIO v. THE STATE.

THEFT — CHARGE OF THE COURT. — Accused asked instructions for acquittal if he obtained possession of the property with the owner's consent and without any false pretext. *Held*, correctly refused. Under article 748 of the Penal Code, though the accused obtained the possession with the owner's consent and without false pretext, yet if he did so with intent to deprive the owner of the value of the property, and to appropriate the same to his own use, and subsequently did appropriate it to his own use, the offense of theft was complete.

APPEAL from the District Court of Uvalde County. Tried below before the Hon. T. M. PASCHAL.

The indictment charged the theft of a gelding and three mules, the property of Francisco Barrera.

Barrera, for the State, testified that the accused was in his employ in April or May, 1877, and witness sent him with a wagon and the four animals to cut and bring home a load of hay from a locality some forty miles distant; that it should have taken the accused some eight days to get the hay and bring it home, and accused promised he would bring it in that time. Witness waited the eight days, and accused failed to return; whereupon, witness telegraphed to various places to have him stopped. In about twenty days witness found his gelding in the possession of some negroes, who gave him up to witness; and on the next day witness found his three mules and the wagon in the custody of the

sheriff of Uvalde County, who had captured the accused also.

G. S. Johnson, sheriff of Uvalde County, testified that, having received a telegram from Mr. Barrera, he found and arrested the accused in that county. Witness found the accused in camp, having on the wagon a load of hides which he was taking from Eagle Pass to San Antonio. Accused had the three mules and a horse, but said he had traded off Barrera's horse. Witness delivered the mules and wagon to Barrera.

The defense offered no evidence. The jury, finding the accused guilty, awarded him ten years' imprisonment in the penitentiary.

No brief for the appellant.

*W. B. Dunham*, for the State.

Winkler, J. On the trial below, the court was requested by the defendant's attorney to charge the jury " that if they believe from the evidence that the defendant got possession of the property with the consent of the owner, without using any false pretext to get possession of the same, he is not guilty of theft, and you will acquit." This charge was refused.

The jury were properly instructed as to the law arising upon that state of facts in the latter portion of the fifth paragraph of the general charge, as follows: " But if the taking, though originally lawful, was obtained by any false pretext, or with an intent to deprive the owner of its value, and to appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete." Penal Code, art. 748 (Pasc. Dig., art. 2385); *Berg* v. *The State*, 2 Texas Ct. App. 148; *Quitzow* v. *The State*, 1 Texas Ct. App. 65. If the possession of the property alleged to have been stolen was

obtained in either of the two ways named in the latter clause of article 748 — that is, by means of any *false pretext*, or with the intent to deprive the owner of the value thereof, and to appropriate it to his (the taker's) own use, and, in either event, the property be shown to have been so appropriated, and these facts and circumstances be shown — the transaction would be theft; the offense being rendered complete by the appropriation of the property in the manner set out in the article referred to.

We are of the opinion that the general charge was the law of the case, as made by the testimony, and that the court did not err in refusing the charge asked by the defendant's counsel.

In cases of this character the criminality consists in the intent of the party at the time of taking the property. Whether the intent was fraudulent or not was to be determined by the jury from the evidence adduced, under proper instructions by the court.

There was an abundance of evidence to show that, when the accused left the service of his employer, he then intended to deprive the owner of the property alleged to have been stolen, and to appropriate it to his own use, and, further, that he did in fact so appropriate it. The proof was sufficient under the law to warrant the conviction, the charge was in every respect the law of the case, and the judgment must be affirmed.

*Affirmed.*